**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

WELLS PHARMACY NETWORK, LLC,

          Plaintiff/Counter
          Defendant,

v.                                   Case No. 5:16-cv-319-Oc-37PRL

REGULATORY COMPLIANCE
ASSOCIATES INC.,

          Defendant/Counter
          Claimant.
_____

## ORDER

This cause is before the Court on its own motion. On April 29, 2016, Plaintiff initiated this action in state court. (Doc. 2 ("**Complaint**").) Defendant timely removed the action. (Doc. 1.) Due to inadequate jurisdictional pleading, upon removal, the Court was required to inquire into its subject matter jurisdiction. (*See* Docs. 4, 8.) Now assured of its subject matter jurisdiction (*see* Doc. 11), the Court turns to the Complaint. Upon consideration, the Court finds that the Complaint is due to be dismissed as an impermissible shotgun pleading.

A shotgun complaint "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies in order to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a

shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

As Counts II and III of the Complaint incorporate each of the preceding allegations (*see* Doc. 2, ¶¶ 21, 26), the Complaint constitutes an impermissible shotgun pleading and must be dismissed. If Plaintiff chooses to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Plaintiff's Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

2.      Plaintiff may file an amended complaint consistent with the directives of this Order on or before Friday, **June 3, 2016**. Failure to file may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 25, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record